IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK HAMPTON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PA PAROLE BOARD; *and* ) <br> SUPERINTENDENT BROTHERS, ) <br> ) <br> Respondents. ) | Civil Action No. 25-261 <br><br> Magistrate Judge Maureen P. Kelly <br><br> Re: ECF Nos. 3 and 17 |

**MEMORANDUM OPINION**

For the reasons that follow, the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), ECF No. 3, will be denied, and a certificate of appealability will be denied.[1]  Additionally, Petitoiner's Motion for Discovery, ECF No. 17, will be denied.

**I.     RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner Derrick Hampton ("Petitioner") is a state prisoner who currently is incarcerated at the State Correctional Institution at Pine Grove ("SCI-Pine Grove") in Indiana, Pennsylvania.

Petitioner currently is serving an aggregate sentence of 19 years and six months to 39 years of imprisonment for his 2006 convictions of Attempted Homicide, Aggravated Assault, and firearms offenses. ECF No. 4 at 2; ECF No. 9-1 at 2-3; see also Docket, Com. v. Hampton, Docket No. CP-02-CR-17049-2002, (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0017049-2002&dnh=RnVVyS5ORzarLMIA0%2BJfUQ%3D%3D (last visited Feb. 11, 2026)).

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge. ECF Nos. 21 and 22.

1

The record indicates that Petitioner became eligible for parole on April 25, 2022. The maximum date of his incarceration is October 25, 2041. ECF No. 9-1 at 3.

This federal habeas proceeding commenced with the receipt of the Petition on February 21, 2025. ECF No. 1. In the Petition, Petitioner argues that various decisions of Respondent PA Parole Board (the "Board") to deny him release on parole violated his constitutional rights, and was a waste of money. ECF No. 3 at 5, 7, and 8. Petitioner appears to assert that multiple parole denials provide bases for federal habeas relief, and explicitly cites to decisions of the Board dated December 15, 2021; December 30, 2022; December 18, 2023; and December 11, 2024. ECF No. 4 at 2-3. See also ECF No. 3-1; 3-2; and 3-3.

Respondents answered the Petition on April 9, 2025. ECF No. 9. In the Answer, Respondents fail to address any potential procedural defects in the Petition, but instead argue that the Petition should be denied on the merits. Id. at 4-7.

Petitioner submitted his Traverse on June 24, 2025. ECF No. 15.

On July 25, 2025, Petitioner filed a Motion for Discovery, in which he sought the documentation upon which the Board relied to deny parole. ECF No. 17. Respondents initially responded on August 26, 2025, generally arguing that discovery should be denied because Petitioner had failed to state a claim for habeas relief. ECF No. 23 at 3. Respondents were ordered to file a supplemental response addressing the discoverability of the specific documents demanded by Petitioner, ECF No. 24, which they did on September 3, 2025, ECF No. 25.

Petitioner was informed that he could file a reply brief on or before October 6, 2025. ECF No. 26. As of the date of this writing, he has not seen fit to do so.

Both the Petition, ECF No. 3, and the Motion for Discovery, ECF No. 17, are ripe for consideration.

II. **THIS COURT MAY ADDRESS THE PROCEDURAL DEFICIENCIES OF THE PETITION *SUA SPONTE*.**

Respondents fail to address any procedural defects in the Petition. However, pursuant to Rule 4 of the Rules Governing Section 2254 cases, this Court may dismiss the Petition *sua sponte* if it plainly appears on its face that the Petitioner is not entitled to federal habeas relief.

Rule 4 provides in relevant part that:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002) (in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998) (in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case.")

Thus, to the extent that Respondents did not address any particular procedural defect in the Petition, this Court may do so on its own.

**A. Any claim seeking relief based on the Board's decisions issued in 2021, 2022, and 2023 is untimely.**

28 U.S.C. § 2244(d) provides as follows

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Courts apply the statute of limitations in Section 2244(d) to petitions challenging the denial of state parole. Brown v. Pennsylvania Parole Bd., No. 1:24-CV-816, 2024 WL 4339994, at *2 (M.D. Pa. Sept. 27, 2024) (citing McAleese v. Brennan, 483 F.3d 206, 212-13 & n.9 (3d Cir. 2007)).

Here, the Petition was received by this Court on February 21, 2025, and appears on its face to be entitled to an effective filing date of February 18, 2025. ECF No. 3 at 16. Accordingly, any decision of the Board predating February 18, 2024, would be untimely. In this case, that would

exclude any decision other than the one issued on December 11, 2024. See ECF No. 9-2 (decision issued on December 15, 2021); ECF No. 9-3 (decision issued on December 30, 2022): ECF No. 9-4 (decision issued on December 18, 2023); ECF No. 9-5 (decision issued December 11, 2024).[2] Thus, only the Board's 2024 decision is timely. Federal habeas relief based on the Board's decisions issued in 2021, 2022, and 2023 is barred by the statute of limitations.

### B. The Petition is unexhausted and procedurally defaulted.

28 U.S.C.§ 2254 states, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Petitioner asserts in the Petition that he has no state remedies available to exhaust. ECF No. 3 at 7. While this once was a correct statement of the law of Pennsylvania, it no longer is so. Petitioner had remedies in state court, and has failed to exhaust them.

In DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit examined the state of Pennsylvania law at the time that it issued its decision in 2005, in order to determine whether the petitioner in that case, who claimed the Board violated his Fifth Amendment right against coerced self-incrimination, had an available state court remedy in which to exhaust his claim. The Third Circuit held that, aside from litigating an *ex post facto* claim, Pennsylvania law did not provide a mechanism by which a prisoner could challenge a parole

---

[2] Petitioner does not argue, and the record does not otherwise support, that equitable tolling would apply to any claim based on any of the decisions that predate February 18, 2024.

denial. Id. at 445. Therefore, given the state of Pennsylvania law at the time, a Pennsylvania prisoner who challenged the denial of parole was exempt from the exhaustion requirement with respect to all other types of constitutional claims. Id.

However, the law in Pennsylvania has changed in the two decades since DeFoy was decided in January 2005. Instead, by 2024, when Petitioner defaulted the due process claim at issue in this case, the Pennsylvania Commonwealth Court had made clear that a prisoner could raise due process challenges in a mandamus action challenging the Board's decision denying parole. See, e.g., Toland v. Pennsylvania Bd. of Prob. & Parole, 263 A.3d 1220, 1233 (Pa. Commw. Ct. 2021) ("under our precedent, both *ex post facto* claims and due process challenges may be raised in a mandamus action."); see also, e.g., Bowman v. Brittan, No. 23-2092, 2024 WL 5050028, at *1 n.2 (E.D. Pa. Oct. 21, 2024) ("Based upon Toland, which DeFoy could not consider since it had yet been decided, it is clear that Petitioner had an available state court remedy; hence, he was required to comply with the exhaustion requirement."), report and recommendation adopted sub nom. Bowman v. Att'y Gen., 2024 WL 5047464 (E.D. Pa. Dec. 9, 2024); Bradley v. Wingard, No. 15-cv-235J, 2017 WL 11476608, at *2 (W.D. Pa. Oct. 12, 2017) ("Review [in state court] is obtained by the disappointed inmate filing a petition for a writ of mandamus and the Board responding with a demurrer.... [A]lthough the burden on the inmate is a high one and the discretionary aspects of a parole decision cannot be reviewed, Coady v. Vaughn, 770 A.2d 287, 290 (Pa. 2001), the Commonwealth Court does consider constitutional claims on their merits."), report and recommendation adopted, 2018 WL 10150909 (W.D. Pa. Sept. 5, 2018).

Thus, Petitioner had a firmly established state court remedy available to him to challenging the Board's December 11, 2024, decision on due process grounds. He could have filed a mandamus petition in the Commonwealth Court's original jurisdiction. A review of the

6

Pennsylvania Unified Judicial System online dockets indicates that he did not do so.[3] See https://ujsportal.pacourts.us/CaseSearch (last visited Feb. 11, 2026). He may not file one now. See Pa. R.A.P. 1512(a). Accordingly, Petitioner procedurally defaulted his claims. There are no grounds on the record to excuse his default. Therefore, the Court will deny the Petition because it is procedurally defaulted.

### III.  THE PETITION LACKS MERIT

Alternatively, the Petition should be denied on the merits. See 28 U.S.C. § 2254(b)(2).

28 U.S.C. § 2254 permits a federal court to grant a state prisoner the writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. See, e.g., Vickers v. Sup't Graterford SCI, 858 F.3d 841, 858 (3d Cir. 2017); see also Stanley v. Tice, No. 22-cv-1, 2022 WL 1806079, at *1-2 (W.D. Pa. June 2, 2022).

It is well-established that Petitioner has no right to parole under Pennsylvania state law. See, e.g., Hudson v. Pennsylvania Bd. of Prob. And Parole, 204 A.3d 392, 396 (Pa. 2019). Whether or not to grant parole is a decision left to the sole discretion of the Board. 61 Pa. C.S.A. §§ 6135, 6137 and 6139; see also, e.g., Homa v. Pennsylvania Bd. of Prob. and Parole, 192 A.3d 329, 334 (Pa. Commw. Ct. 2018).

In exercising its discretion, the Board must consider factors such as the nature and circumstances of the offenses Petitioner committed, recommendations made by the trial judge and prosecuting attorney, Petitioner's general character and background, his conduct while in prison, his physical, mental, and behavioral condition, and his complete criminal record. 61 Pa. C.S.A. §

---

[3] The public record did not indicate that Petitioner sought review of any of the decisions of the Board upon which he ostensibly bases the Petition.

6135(a). Decisions of the Board to grant or refuse parole must be accompanied by a brief statement of reasons underlying the Board's decision. 61 Pa. C.S.A. § 6139(a)(5).

The reasons listed by the Board in its December 11, 2024, decision reflect that it considered those factors. ECF No. 9-5 at 2-3.

The Fourteenth Amendment's Due Process Clause "contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." Newman v. Beard, 617 F.3d 775, 782 (3d Cir. 2010) (internal quotation and citations omitted); see also Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980) ("Even if a state statute does not give rise to a liberty interest in parole release . . ., once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons."). "Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct." Newman, 617 F.3d at 782 (internal quotations and citations omitted); see also Hunterson v. DiSabato, 308 F.3d 236, 248 (3d Cir. 2002) ("when an executive action is at issue, only the most egregious conduct will be considered arbitrary in the constitutional sense."). "As a general matter, it is governmental conduct intended to injure that is most likely to rise to the conscience-shocking level." Evans v. Sec'y Pennsylvania Dept. of Corrs., 645 F.3d 650, 660 (3d Cir. 2011) (internal citations and quotations omitted).

The United States Court of Appeals for the Third Circuit has explained that it would be arbitrary and capricious for the Board to base its decision on a reason that has no "rational relationship to the purpose of parole[,]" such as the "color of one's eyes, the school one attended, or the style of one's clothing." Block, 631 F.2d at 236 n.2. It has further held that it "would violate

8

due process if [a parole board] bases a decision on constitutionally impermissible criteria such as race, religion, or the exercise of free speech rights." Id. at 237; see also Newman, 617 F.3d at 784.

Petitioner has not met his burden of proving that the Board's decision denying him parole was arbitrary and capricious, shocked the conscience, or was based on impermissible reasons. In the Petition, his arguments seem to involve his completion of various prison programs, the lack of detail in the Board's written decisions, and his disagreement with the Board's ultimate conclusion as to whether he should be released. ECF No. 4 at 4-7. But these arguments, at their heart, merely express disagreement with the Board's discretionary decision based on the factors that it must consider under state law. This Court may not evaluate whether the Board made the correct decision, and it is "not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001). Therefore, these arguments provide no basis for relief.

Although Petitioner disagrees with the Board's assessment of him, he has not demonstrated that the Board relied on anything that can be described as "conscience shocking." Nor does an independent review of the reasons for the decision articulated by the Board reveal anything that might implicate a constitutionally impermissible basis for denial. ECF No. 9-2 – 9-5. Petitioner simply has not established that the decision to deny him parole rose to the level of "the most egregious official conduct" necessary to support a substantive due process claim. Newman, 617 F.3d at 782. Accordingly, there can be no finding that Petitioner is in custody in violation of his substantive due process rights.

Based on the foregoing, the Court will deny the Petition.

IV.   **CERTIFICATE OF APPEALABILITY**

A certificate of appealability will be denied because jurists of reason would not find it debatable whether Petitioner's claims lacked merit. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).

V.   **MOTION FOR DISCOVERY**

Rule 6 of the Rules Governing Section 2254 Cases authorizes discovery only where "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief. <u>Bracey v. Gramley</u>, 520 U.S. 899, 908-09 (1997). In light of Petitioner's procedural default, no amount of discovery would entitle him to federal habeas relief for any of the asserted denials of parole. Therefore, Petitioner's request for discovery will be denied.

It is worth noting, however, that, in this supplemental opposition brief, Respondents argue that the records of the Board that Petitioner seeks are privileged under state law. ECF No. 25 at 5 (citing 37 Pa. Code § 61.2 – a regulation promulgated by the Board itself). But, as counsel for Respondents no doubt is aware, the regulation that she cited does not shield these documents from an inmate seeking them discovery under state law. <u>Toland v. Pennsylvania Bd. of Prob. & Parole</u>, 311 A.3d 649, 665 (Pa. Commw. Ct. 2024), aff'd but criticized, 344 A.3d 744 (Pa. 2025). Counsel is reminded of her duty of candor to the tribunal under Rule of Professional Conduct 3.3(a)(2) – an obligation that this Court takes seriously.

VI.  **CONCLUSION**

For the foregoing reasons the Petition, ECF No. 3, will be denied, and a certificate of appealability will be denied. Additionally, the Motion for Discovery, ECF No. 17, will be denied.

An appropriate Order follows.

BY THE COURT,

Dated: February __11__, 2026

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   Derrick Hampton
      GP-2142
      SCI Pine Grove
      189 Fyock Road
      Indiana, PA 15701

      All counsel of record (*via* CM/ECF)